**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MEGAN DETERLING | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-CV-2941 |
| | § | |
| FLOCK GROUP INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT, FLOCK GROUP INC.'S ORIGINAL ANSWER TO PLAINTIFF, MEGAN DETERLING'S ORIGINAL COMPLAINT**

NOW COMES Defendant, Flock Group Inc.("Defendant"), by and through its undersigned attorney, and files this Original Answer to Plaintiff, Megan Deterling ("Plaintiff"), and in support thereof state as follows:

**GENERAL DENIAL**

Pursuant to Texas Rule of Civil Procedure 92, and Federal Rule of Civil Procedure 8(b)(3), Defendant generally denies each allegation in Plaintiff's Original Complaint and demands strict proof of every claim and element of damages by the applicable burden of proof. Any allegation not expressly admitted below is denied.

Defendant's responses are based on the information presently available. Defendant reserves the right to amend or supplement this Answer as permitted by the Texas Rules of Civil Procedure.

## I. INTRODUCTION

1. Paragraph 1 of the Complaint contains legal averments that do not require a responsive pleading. Otherwise, any allegations therein are denied.

## II. PARTIES

2. Defendant lacks sufficient knowledge or information to admit the allegations in Paragraph 2; therefore, Defendant denies the allegations of Paragraph 2.

3. Defendant admits that it is an organization doing business in Texas. Defendant denies any remaining allegations in this paragraph to the extent they imply liability or improper service.

## III. JURISDICTION, VENUE, AND ADMINISTRATIVE REMEDIES

4. Paragraph 4 of the Complaint contains legal averments that do not require a responsive pleading. Otherwise, any allegations therein are denied.

5. Paragraph 5 of the Complaint contains legal averment that does not require a responsive pleading. Otherwise, any allegations therein are denied.

6. Paragraph 6 of the Complaint contains legal averment that does not require a responsive pleading. Otherwise, any allegations therein are denied.

7. Defendant lacks knowledge or information sufficient to form a belief about the precise dates, contents, scope, or procedural sufficiency of Plaintiff's administrative filings and right-to-sue notice and therefore denies the allegations in Paragraph 7. Defendant further denies that Plaintiff satisfied every administrative or statutory prerequisite except to the extent established by the applicable agency records and governing law.

## IV. CONDITIONS PRECEDENT

8. Defendant denies that all conditions precedent to every claim and form of relief sought have been performed or have occurred.

## V. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegation in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

## VI. CAUSES OF ACTION

## COUNT ONE - DISCRIMINATION AND RETALIATION UNDER TITLE VII

Defendant repeats, reiterates and realleges every responsive pleading provided to Paragraphs 1 through 22, inclusive of the Complaint as stated above.

23. Paragraph 23 contains legal averments that do not require a responsive pleading. Otherwise, any allegations therein are denied.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant admits that it was an employer within the meaning of Title VII. Defendant denies any remaining allegations in Paragraph 25.

26. Paragraph 26 contains legal averments that do not require a responsive pleading. Otherwise, any allegations therein are denied.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

**COUNT TWO - DISCRIMINATION AND RETALIATION UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT**

29. Paragraph 29 quotes or paraphrases Texas law and states legal conclusions to which no response is required. Defendant denies that it discriminated against Plaintiff because of her sex, violated the Texas Commission on Human Rights Act, or engaged in any unlawful employment practice. Defendant denies the remaining allegations in Paragraph 29.

30. Defendant denies that Plaintiff's sex was a motivating, determining, or other factor in any employment decision. Defendant denies that it subjected Plaintiff to unlawful disparate terms or conditions of employment and denies that it terminated Plaintiff because of her sex. Defendant denies the remaining allegations in Paragraph 30.

31. Defendant denies that it retaliated against Plaintiff for making a discrimination complaint, participating in an investigation, or opposing conduct prohibited by law. Defendant further denies that Plaintiff's complaints were a motivating, determining, or but-for cause of any employment decision. Defendant denies the remaining allegations in Paragraph 31.

## VII. DAMAGES

Defendant repeats, reiterates, and realleges every responsive pleading provided to Paragraphs 1 through 31, inclusive of the Complaint as stated above.

32. Defendant denies Plaintiff is entitled to the relief sought in Paragraph 32.

33. Defendant denies Plaintiff is entitled to the relief sought in Paragraph 33.

34. Defendant denies Plaintiff is entitled to the relief sought in Paragraph 34.

## VIII. ATTORNEYS' FEES AND EXPERT FEES

Defendant repeats, reiterates, and realleges every responsive pleading provided to Paragraphs 1 through 34, inclusive of the Complaint as stated above.

35. Paragraph 35 of the Complaint contains legal averments that do not require a responsive pleading. Otherwise, any allegations therein are denied.

## IX. JURY DEMAND

36. Defendant admits that Plaintiff demanded a jury trial. Defendant demands a trial by jury on all claims and issues so triable

## X. PRAYER FOR RELIEF

1. ***Any allegations included in the Prayer for Relief or not specifically addressed above are denied.*** Defendant denies Plaintiff is entitled to the relief sought in Section X (1), (2) (3), (4), and (5).

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Defendant assert the following defenses and/or affirmative defenses:

1. The Complaint, in whole or in part, fails to allege facts sufficient to state a claim upon which relief may be granted.

2. Any employment actions concerning Plaintiff were based on legitimate, nondiscriminatory, and nonretaliatory business reasons, including legitimate business reasons supported by defendant's record, and not on Plaintiff's sex or any protected activity.

3. Plaintiff's sex was not a motivating, determining, or other unlawful factor in any employment decision concerning her.

4. Plaintiff's complaints or other alleged protected activities were not a but-for cause, motivating factor, or determining factor in any challenged employment decision.

5. To the extent Plaintiff establishes that an impermissible consideration played any role in a challenged decision, which Defendant denies, Defendant would have made the same decision based on legitimate reasons alone. Any relief is therefore barred or limited as provided by law.

6. Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of a timely and properly exhausted administrative charge or otherwise were not administratively exhausted.

7. Plaintiff's claims and requested relief are barred, in whole or in part, to the extent they concern conduct outside the applicable limitations or administrative filing periods.

8. Plaintiff's recovery, if any, must be barred or reduced to the extent she failed to exercise reasonable diligence to obtain substantially equivalent employment, unreasonably rejected available employment, or otherwise failed to mitigate her alleged damages.

9. Plaintiff's recovery, if any, is barred or reduced to the extent she failed to use reasonable means available to avoid or reduce the alleged harm.

10. Defendant maintained and implemented policies and procedures intended to prohibit discrimination and retaliation, including applicable policy or procedure. Defendant acted reasonably and in good faith in receiving, reviewing, and responding to Plaintiff's complaints.

11. Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights. Plaintiff therefore may not recover punitive damages.

12. To the extent any managerial employee acted contrary to Defendant's policies or instructions, which Defendant denies, Defendant made good-faith efforts to comply with applicable anti-discrimination and anti-retaliation laws. Punitive damages are therefore unavailable.

13. If discovery establishes that Plaintiff engaged in misconduct or made material misrepresentations that would have resulted in termination or other adverse action had Defendant known of them, Plaintiff's remedies are barred or limited under the after-acquired-evidence doctrine.

14. Plaintiff's disparate-treatment claims fail to the extent she cannot establish that similarly situated employees outside her protected class were treated more favorably under

materially comparable circumstances.

15. Plaintiff's claims are barred, in whole or in part, to the extent the challenged conduct did not constitute an actionable adverse employment action.

16. To the extent Plaintiff asserts a hostile-work-environment or harassment claim, the alleged conduct was not based on sex, was not sufficiently severe or pervasive to alter the terms and conditions of employment and was not imputable to Defendant.

17. Any recovery is subject to all applicable statutory exclusions, limitations, and caps, including limits on compensatory and punitive damages and the prohibition against duplicative recovery.

18. Plaintiff may not obtain duplicative recovery under federal and state law for the same alleged injury or loss.

19. Any recovery must be reduced by amounts Plaintiff received or could have received that are properly credited or offset under applicable law, including

20. To the extent Plaintiff prays for punitive damages, such request should be denied as violative of the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Section 13 and 19.

21. Plaintiff's claims for punitive damages are barred because the harm Plaintiff alleges to have suffered, if any, did not result from malice, fraud, or gross negligence.

22. Plaintiff's requested damages are barred or limited to the extent they are speculative, unsupported, not reasonably certain, or not proximately caused by any unlawful act of Defendant.

23. Reinstatement, front pay, and other equitable remedies are unavailable or inappropriate to the extent they are impracticable, duplicative, unsupported, or unnecessary to make Plaintiff whole.

24. Plaintiff is not entitled to recover attorneys' fees, expert fees, or costs unless she satisfies every requirement imposed by applicable law. Any award must be reasonable, necessary, properly documented, and limited to compensable claims on which Plaintiff prevails.

WHEREFORE, Defendant prays that upon final hearing, judgment be entered that Plaintiff take nothing by her suit, that all relief prayed for by Plaintiff in this action be denied, and that Defendant have such other and further relief, general and special, legal and equitable, to which it is justly entitled.

Respectfully submitted,

*/s/ Yanice Colon-Pol*

YANICE COLON-POL
TX State Bar No. 24104276
**LAW OFFICES OF ALFARO & ASSOCIATES**
1330 Post Oak Boulevard., Suite 801
Houston, Texas 77056
Telephone: (713) 403-3122
Facsimile: (214) 721-6289
Email: Yanice.ColonPol@meaderslaw.com
ATTORNEYS FOR DEFENDANT,
FLOCK GROUP INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6 November 2026, I electronically filed the foregoing document with the Clerk of the Court for the Western District of Texas, using the CM/ECF system which will send notification of such filing to the following:

Kell Simon
Law Offices of Kell A. Simon
902 E. 5th St., Suite 207
Austin, TX 78702
E-mail: kell@kellsimonlaw.com
*Attorneys for Plaintiff, Megan Deterling*

*/s/ Yanice Colon-Pol*

YANICE COLON-POL